[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'SMOTION TO REDUCE APPEAL BOND AND MOTION FOR NEW TRIAL
The defendant, Scott Lewis, has moved pro se for a new trial and for a reduction in his appeal bond. On May 10, 1995, Lewis was convicted of two counts of murder in violation of General Statutes § 53a-54a. Thereafter, on July 21, 1995, the trial court, Ripley, J., denied Lewis' post trial motion for new trial. On that same date, Judge Ripley sentenced Lewis to an effective prison term of 120 years. On October 31, 1995, Judge Ripley set an appeal bond of one million dollars. On January 10, 1996 Judge Ripley became a State Trial Referee. On January 17, 1996, Lewis filed the pending motion to reduce the appeal bond. On March 13, 1996, the defendant filed a second pro se motion for new trial. Also on March 13, 1996, the court conducted a hearing on both motions. For the reasons set forth below, the motions are denied.
A. Motion For New Trial
The defendant filed a motion for new trial on July 19, 1995 that was denied by Judge Ripley on July 21, 1995. The defendant has appealed from the judgment of conviction and his appeal is presently pending.
The pending motion for new trial is denied for two reasons. First, the motion is not timely. Practice Book Section 903 requires that motions for new trial be made within five days after the verdict, unless the court extends the time within the CT Page 2868 five day period. No such extensions were granted in this case. Second, and more importantly, the defendant has already had a motion for new trial decided on the merits by the trial judge and has taken an appeal. The defendants current motion for new trial is based on a claim that the state failed to disclose exculpatory prior to the probable cause hearing and that the trial court's rulings concerning the admission of certain police reports were erroneous. There is no reason for this court to revisit an issue that has already been ruled upon and relates to trial issues that are the subject of a pending appeal.
B. Motion To Reduce Appeal Bond
Lewis seeks a reduction in his appeal bond from one million dollars to one hundred thousand dollars. He asserts that his likelihood of prevailing of appeal is sufficiently strong so as to justify the requested reduction. Lewis' appellate claims are based on two grounds: (1) That a criminal conviction affecting the credibility of the main witness at his probable cause hearing was not disclosed and (2) that the trial court erred in excluding, on hearsay grounds, a police report containing informant information that another person was responsible for the killings. In considering these claims, the court is not, in any way, passing upon their ultimate persuasiveness on appeal. The only purpose of this discussion is to determine whether the claims are so likely to succeed on appeal that the requested bond reduction should be granted.
1. Hearing in Probable Causes
The state called Ovil Ruiz to testify at Lewis' probable cause hearing. Lewis claims that the state failed to disclose to Lewis or his counsel prior to the probable cause hearing the fact that Ruiz has a prior conviction for larceny second degree and also had a pending misdemeanor larceny case.[1] Lewis further claims that this failure of disclosure violated the state's duty to disclose exculpatory information for use at a probable cause hearing. See State v. Mitchell, 200 Conn. 323, 338 (1986).
It is well established in Connecticut that in order to prevail on a claim of nondisclosure of exculpatory material at a probable cause hearing, a defendant must demonstrate: (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that it was material. State v.McPhail, 213 Conn. 161, 166 (1989). Non-disclosed exculpatory CT Page 2869 evidence will be considered material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id., 167. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.United States v. Gagley, 473 U.S. 667, 682 (1985).
Even assuming that Lewis can establish that Ruiz's full criminal record was not disclosed prior to the probable cause hearing, he must still demonstrate that the nondisclosure of the larceny second degree conviction and the pending misdemeanor larceny charge was material. A review of a transcript of Ruiz's testimony at the probable cause hearing reveals (1) that he was serving a sentence for assault in the first degree; (2) that he used two names and, in fact, his real name was not Ovil Ruiz but Augustine Castro, (3) that he had a false identification card in the name Ovil Ruiz; (4) that he had spent time in juvenile detention; (5) that he had used drugs while incarcerated at Somers prison; (6) that on the night of the incident he had smoked marijuana and used liquid crack; (7) that he had previously been adjudged a youthful offender; (8) that he had failed to appear in court on a pending case; (9) that he had intentionally injured himself at the jail as a ruse in order to get to see a psychiatrist; (10) that he had thrown urine at a corrections officer; and (11) that he had previously been prescribed antipsychotic medicine.
Given the extent of impeachment evidence about Ruiz brought out at the probable cause hearing, the defendant's ability to demonstrate the materiality of the allegedly non-disclosed larceny matters is not so clear as to require a reduction in his appeal bond.
2. Hearsay Ruling
Lewis claims that the trial courts ruling excluding a police report that contained informant information that another person was responsible for the killings was reversible error. The question is whether the report meets the requirements for admission of third party declarations exculpatory to the accused set forth in State v. DeFreitas, 179 Conn. 431, 451-52 (1980). Without reviewing the trial transcript, this court cannot determine whether the requirements of DeFreitas were met, e.g. whether the declarant was unavailable as a witness, or whether there was corroborating evidence presented to the trial court CT Page 2870 establishing the trustworthiness of the declaration.
Accordingly, given the inadequacy of the record, the court is unable to determine that this claim is so meritorious that a substantial reduction in Lewis' appeal bond in required.
Conclusion
Based upon the record presented to this court, the motion a new trial and the motion to reduce the appeal bond are denied.
Dated at New Haven, Connecticut this 24th day of April, 1996.
Robert J. Devlin, Jr., Judge